IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AVANTOR, INC., | § | |
| | § | |
| Counterclaim-Defendant Below, | § | No. 99, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| MARC J. CENTRELLA, | § | C.A. No. N23C-10-200 |
| | § | |
| Counterclaim-Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 6, 2024
Decided: April 25, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal and the exhibits attached thereto, it appears to the Court that:

(1) This interlocutory appeal arises from a Superior Court order, dated February 5, 2024, denying Avantor, Inc's motion to dismiss one of two counterclaims brought by a former employee, Marc J. Centrella. After Avantor filed an action against Centrella in the Court of Chancery to enforce post-employment restrictive covenants and to enjoin him from working for non-party Waters, Inc., Waters rescinded its offer of employment to Centrella. Centrella asserted counterclaims against Avantor, seeking a declaratory judgment that the restrictive covenants were unenforceable and pleading a claim for tortious interference with

prospective business relations. The parties stipulated to dismissal of Avantor's claims. Avantor then answered Centrella's declaratory judgment claim and moved to dismiss his tortious interference claim based on the absolute litigation privilege. On October 11, 2023, the Court of Chancery dismissed Centrella's counterclaims, with leave to transfer under 10 *Del. C.* § 1902, for lack of subject matter jurisdiction.

(2) Centrella elected to transfer his counterclaims to the Superior Court. On February 5, 2024, the Superior Court held a hearing on Avantor's motion to dismiss Centrella's tortious interference claim. The Superior Court denied the motion to dismiss at the end of the hearing, concluding that it was unable to determine from the pleadings whether the absolute litigation privilege applied to all of Avantor's pre-litigation statements and therefore it was reasonably conceivable Centrella could recover on his tortious interference claim.

(3) On February 15, 2024, Avantor filed a timely application for certification of an interlocutory appeal. Centrella opposed the application. On March 5, 2024, the Superior Court entered an order denying Avantor's application.[1] In denying certification, the court first found that the interlocutory ruling did not determine a substantial issue of material importance meriting interlocutory review because there was no final determination concerning the applicability of the absolute

---

[1] *Centrella v. Avantor, Inc.*, 2024 WL 889259 (Del. Super. Ct. Mar. 1, 2024). The order is dated March 1, 2024, but the order was docketed on March 5, 2024.

litigation privilege.[2]  The court next considered the Rule 42(b)(iii) criteria identified by Avantor as supporting certification.  As to Rule 42(b)(iii)(B) (conflicting trial court decisions on the question of law), the court found that the interlocutory ruling, which denied a motion to dismiss after finding that further development of the record was necessary to determine the applicability of the absolute litigation privilege, did not conflict with trial court decisions granting motions to dismiss after determination that the absolute litigation privilege did apply.[3]  The Superior Court rejected Avantor's reliance on Rule 42(b)(iii)(G) (review of the interlocutory ruling may terminate the litigation), emphasizing that Centrella's declaratory judgment claim remained and Avantor's position that this claim could be resolved by its filing of another motion was speculative.[4]  Finally, the court found that Rule 42(b)(iii)(H) (review of the interlocutory order may serve considerations of justice) did not weigh in favor of certification because Avantor was not foreclosed from asserting the absolute litigation privilege after further development of the record.[5]

(4)    Applications for interlocutory review are addressed to the sound discretion of this Court.[6]  In the exercise of its discretion and giving due weight to Superior Court's analysis, the Court has concluded that the application for

---

[2] *Id.* at *3-4.
[3] *Id.* at *4.
[4] *Id.*
[5] *Id.*
[6] Supr. Ct. R. 42(d)(v).

3

interlocutory review does not meet the strict standards for certification under Rule 42(b). We agree with the Superior Court that the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review. In addition, the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

4